# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CHRISTINA TARGONSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | No.: 3:11-cv-269 |
| | ) | Jordan/Guyton |
| CITY OF OAK RIDGE, | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |

# COMPLAINT

## I. JURISDICTION AND VENUE

1. This is an action authorized under Title VII of the Civil Rights Act of 1964, as amended. Furthermore, the Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 regarding any and all state claims. All actions relevant to this complaint occurred in Anderson County, Tennessee, therefore jurisdiction and venue are proper in the United States District Court, Eastern District of Tennessee.

## II. NATURE OF PROCEEDING

2. This is a proceeding for, among other things: (a) back pay; (b) forward pay; (c) liquidated damages; (d) compensatory damages; (e) punitive damages; (f) attorney's fees; (g) suit costs; and (h) other relief to which Plaintiff is entitled.

## III. PARTIES

3. The Plaintiff, Christina Targonski, is a citizen and resident of Clinton, Anderson County, Tennessee.

4. The Defendant, City of Oak Ridge, is a Tennessee corporation that does business in

Anderson County, Tennessee.

## IV. ADMINISTRATIVE PREREQUISITES

5. On March 19, 2010, the Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") charging, the City of Oak Ridge, among other things, discriminating against her on the basis of sex, as well as, retaliating against her, harassing her and forcing her to work in a hostile work environment.

6. Plaintiff filed her charge of discrimination within 300 days of the discriminatory employment practices described in this complaint.

7. On March 22, 2011, the EEOC issued a "right to sue" letter. (See Exhibit "A").

## V. FACTS

8. Plaintiff was hired by the Defendant in 2008 in the position of Police Officer.

9. Beginning in September, 2009, and continuing until her constructive discharge on September 1, 2010, Plaintiff was sexually harassed, retaliated against, intimidated and discriminated against based on her gender and forced to work in a hostile work environment.

10. Beginning at that time, and continuing until her constructive discharge, Plaintiff was treated differently than her male counterparts.

11. Beginning at that time, the Defendant started engaging in policies and practices which willfully, intentionally, and unlawfully discriminated against the Plaintiff based on her sex. Some examples of these practices and policies include, but are not limited to:

    a. Being called a lesbian;

    b. Being accused of inappropriate conduct, including of a sexual nature;

    c. Having false reports made against her to supervisors;

d. Refusing to back the Plaintiff up on police calls; and

e. Making harassing phone calls to the Plaintiff.

12. Plaintiff made several complaints to, at least, three (3) supervisors, however the Defendant did nothing to respond to the Plaintiff's complaints, and in fact, Defendant began retaliating against Ms. Targonski.

13. Defendant informed it's employees to not have any interaction with the Plaintiff, which placed the Plaintiff in danger when her co-workers would not back her up on high priority calls.

14. The Plaintiff requested on several occasions to be moved to another squad, away from a hostile police officer (John Thomas), but the Defendant refused.

15. Plaintiff was repeatedly harassed, verbally abused, intimidated, threatened and discriminated against by the Defendant.

16. The Defendant consistently engaged in a pattern of intentional, malicious and/or recklessly indifference of sexual harassment and intimidation towards Mrs. Targonski, including sexual remarks and behaviors.

17. These actions caused severe humiliation, embarrassment, and emotional harm, and created a hostile and intimidating environment, leaving Mrs. Targonski no reasonable alternative but to discontinue her employment with the Defendant, under facts and circumstances constituting constructive discharge.

18. Defendant's harassment and discrimination continued to occur until her constructive discharge on September 1, 2010.

19. Plaintiff was a good employee while working for the Defendant, missing only

3

Case 3:11-cv-00269-RLJ-HBG   Document 1   Filed 06/14/11   Page 3 of 11   PageID #: 3

minimal work days without problems during her employment with Defendant, until she was retaliated against.

20. As a result of Defendant's conduct toward the Plaintiff, she has suffered lost income, lost fringe benefits, lost seniority, lost benefits, has incurred expenses in searching for possible replacement employment and other damages which will be proven in this case.

## VI.  CAUSE OF ACTIONS

## VIOLATION OF TITLE VII

21. Plaintiff hereby incorporates the foregoing paragraphs of her complaint as if set forth fully herein.

22. City of Oak Ridge is an employer as defined under Title VII of the Civil Rights Act of 1964.

23. Plaintiff is an employee as defined under Title VII of the Civil Rights Act of 1964.

24. City of Oak Ridge, illegally discriminated against Plaintiff because of her sex, and among other things, treated her less favorably than other similarly situated male employees.

25. Defendant's discriminatory acts of Plaintiff were intentional, reckless and willful; and in violation of Title VII of the Civil Rights Act of 1964.

26. The Defendant did not implement or have in force at its facility an effective or useful procedure whereby the Plaintiff could report or seek redress for the sexual harassment and intimidation inflicted upon her by the Defendant.  Further, the Defendant negligently and recklessly employed, supervised, monitored and retained John Thomas as it's employee.

27. The Defendant's actions constitute willful and intentional violations of Title VII, for which it is responsible. These violations entitle Mrs. Targonski to all civil remedies recoverable

under Title VII, including without limitation back pay, front pay, lost fringe benefits, expert witness fees, attorney's fees and expenses, prejudgment interest, and costs; as well as compensatory and punitive damages. The Defendant is also liable as the employer and principal of John Thomas.

## CONTINUING VIOLATIONS

28. Plaintiff hereby incorporates the foregoing paragraphs of her complaint as if set forth fully herein.

29. The Defendant's actions and/or inactions towards the Plaintiff constitute "continuing violations".

30. The Defendant's actions and/or inactions is evidence of present discriminatory activity giving rise to a claim of a continuing violation and/or the Defendant actions and/or inactions demonstrate a longstanding policy of discrimination such as an established and/or repeated pattern of conduct.

31. As just one example, the Defendant has a longstanding and demonstrable policy of tolerating a hostile environment in which the disparate treatment of female workers took place regularly.

32. As a result of Defendant's "continuing violations", the Plaintiff has suffered lost income, lost fringe benefits, lost seniority, and has incurred expenses in searching for possible replacement employment, as well as, other damages to be proven.

## HOSTILE WORK ENVIRONMENT

33. Plaintiff hereby incorporates the foregoing paragraphs of her complaint as if set forth fully herein.

34. The Plaintiff was a member of a protected class; she was subjected to unwelcome

harassment; the harassment was based on her protected status; the harassment unreasonably interfered with her work performance by creating an intimidating, hostile, or offensive work environment; and the employer is liable.

35. The workplace for which the Plaintiff had to endure of the Defendant was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of her employment and moreover, created an abusive working environment.

36. The actions and/or inactions of the Defendant were so severe and/or pervasive as to constitute a hostile and/or abusive working environment both to a reasonable person and the Plaintiff, herself.

37. The hostile work environment for which the Plaintiff had to endure involved repeated conduct over as series of days, weeks and/or years; and for which a reasonable worker would not have endured.

38. Although, some of the component acts of the hostile work environment for which the Plaintiff had to endure may have occurred outside any particular statutory time period, several acts contributing to such claims, occurred within any relevant time period.

39. As a result of Defendant creating a "hostile work environment", the Plaintiff has suffered lost income, lost fringe benefits, lost seniority, and has incurred expenses in searching for possible replacement employment, as well as, other damages to be proven.

**RETALIATION**

40. Plaintiff hereby incorporates the foregoing paragraphs of her complaint as if set forth fully herein.

41. The Plaintiff was retaliated against after making complaints, for among other things,

about how she was being treated.

42. The acts for which the Plaintiff complained about were violations of law, practice and/or policy.

43. The Plaintiff was engaged in a protected activity; the exercise of her protected rights were known by the Defendant; the Defendant thereafter took an adverse employment action against the Plaintiff and the Plaintiff was subjected to severe and pervasive retaliatory harassment by a supervisor; and there was a causal connection between the protected activity and the adverse employment action and harassment.

44. In response to the Plaintiff's complaints, the Defendant retaliated against her by, among other ways, the foregoing allegations in this Complaint.

45. A reasonable employee would have found the challenged action materially adverse, and for which, would have dissuaded a reasonable worker from making or supporting a charge of discrimination.

46. The adverse employment action taken by the Defendant against the Plaintiff was so materially adverse as to change the terms and/or conditions of her employment such as her wrongful discharge, a demotion evidenced by a decrease in wage or salary and/or a less distinguished title, a material loss of benefits and/or significantly diminished responsibilities.

47. As a result of Defendant "retaliating" against the Plaintiff, the Plaintiff has suffered lost income, lost fringe benefits, lost seniority, and has incurred expenses in searching for possible replacement employment, as well as, other damages to be proven, including direct economic harm.

## DISPARATE TREATMENT

48. Plaintiff hereby incorporates the foregoing paragraphs of her complaint as if set forth

fully herein.

49. The Plaintiff was a member of a protected class; she suffered an adverse employment action; she was qualified for the position; and she was replaced by someone outside the protected class and/or was treated differently from similarly situated employees.

50. The Plaintiff was similarly-situated in all relevant aspects as to the comparable worker.

51. As a result of Defendant's "disparate treatment" towards the Plaintiff, the Plaintiff has suffered lost income, lost fringe benefits, lost seniority, and has incurred expenses in searching for possible replacement employment, as well as, other damages to be proven.

## HARASSMENT

52. Plaintiff hereby incorporates the foregoing paragraphs of her complaint as if set forth fully herein.

53. The Plaintiff was a member of a protected class; she was subjected to unwelcome harassment based on the protected class; such harassment had the effect of unreasonably interfering with Plaintiff's work performance by creating an intimidating, hostile, or offensive work environment, and there exists some basis for liability on the part of the Defendant.

54. The totality of the circumstances in Plaintiff's employment were such that any reasonable person would believe it to be harassment.

55. The Plaintiff was more than qualified for her position by way of her education, experience and demonstration of the required skills. Said another way, the Plaintiff's qualifications were at least equivalent to the minimum objective criteria required for employment by the Defendant.

56. As a result of Defendant's "harassment" of the Plaintiff, the Plaintiff has suffered lost income, lost fringe benefits, lost seniority, and has incurred expenses in searching for possible replacement employment, as well as, other damages to be proven.

## CONSTRUCTIVE DISCHARGE

57. Plaintiff hereby incorporates the foregoing paragraphs of her complaint as if set forth fully herein.

58. The Defendant deliberately created intolerable working conditions, as perceived by a reasonable person; and Defendant did so with the intention of forcing Plaintiff to quit.

59. A reasonable person would have felt compelled to resign, as the Plaintiff, because the actions and/or inactions of the Defendant involved demotion; reduction in salary; reduction in job responsibilities; reassignment to menial or degrading work; reassignment to work under a younger supervisor; and/or badgering, harassment or humiliation by Defendant calculated to encourage Plaintiff's resignation.

60. As a result of Defendant's "constructive discharge" of the Plaintiff, the Plaintiff has suffered lost income, lost fringe benefits, lost seniority, and has incurred expenses in searching for possible replacement employment, as well as, other damages to be proven.

## STATE CLAIMS FOR EXTREME AND OUTRAGEOUS CONDUCT, NEGLIGENT & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT HIRING, SUPERVISION, TRAINING & GROSS NEGLIGENCE

61. Plaintiff hereby incorporates the foregoing paragraphs of her complaint as if set forth fully herein.

62. The actions and/or inactions of the Defendant were outrageous and utterly intolerable in a civilized society and were done either with the intent to cause emotional distress to the Plaintiff

or were done with reckless disregard of the probability of causing emotional distress to the Plaintiff.

63. The Defendant was negligent and grossly negligent in its hiring, supervision and training of its employees and the Plaintiff has been damaged thereby.

64. As a result of the Defendant's actions and/or inactions, the Plaintiff has suffered damages including, but not limited to, mental and physical anguish, embarrassment, humiliation, loss of the enjoyment of life, loss of job and loss of employment benefits.

65. Defendant is liable for the actions of its employees as said actions were done with its knowledge and/or express or implied permission.

**WHEREFORE**, the Plaintiff prays:

1. That the Plaintiff recovers from the Defendant compensatory damages in the amount of Two Hundred Fifty Thousand Dollars **$250,000.00.**

2. That the Plaintiff recovers from the Defendant punitive damages in the amount of One Million Dollars **$1,000,000.00;**

3. That a jury try this action; and

4. That this Court grant such other relief as may be deemed just and proper.

Dated this the _____ day of _____, 2011.

*Respectfully submitted,*

**LAW OFFICE OF MICHAEL S. SHIPWASH**

**By:** s/Michael S. Shipwash
**MICHAEL S. SHIPWASH**
BPR NO: 019173
8079 Kingston Pike, Suite O
Knoxville, Tennessee 37919
(865) 691-4454

10

Case 3:11-cv-00269-RLJ-HBG   Document 1   Filed 06/14/11   Page 10 of 11   PageID #: 10

## COST BOND

      We, the undersigned, here acknowledge ourselves as surety for all costs, taxes and damages in this case in accordance with T.C.A. Section 20-12-120 and/or Rules 65.05 of the Tennessee Rules of Civil Procedure.

                                        s/ Christina Targonski
                                        PRINCIPAL, Christina Targonski

                                          s/ Michael S. Shipwash
                                          SURETY

                                  Address:    8079 Kingston Pike
                                                        Suite O
                                                        Knoxville, TN  37919
                                                        (865) 691-4454